IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. CAVANESS, ) | No. C 07-4922 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER OF DISMISSAL |
| ) | |
| vs. ) | |
| ) | |
| SUPERIOR COURT OF CALIFORNIA ) | |
| FOR THE COUNTY OF SAN MATEO, ) | |
| ) | |
| Respondent. ) | |

Petitioner, proceeding pro se, filed a petition for a writ of mandamus pursuant to 18 U.S.C. § 3771(3), entitled Rights of Crime Victims. Petitioner requests a peremptory writ of prohibition asking this court to restrain the respondent, San Mateo Superior Court, from proceeding with his underlying criminal proceedings, including a stay of the pending trial. Petitioner also asks this court to issue a writ of mandate directing respondent to vacate its order denying petitioner's motions and to grant petitioner's motion to dismiss. See Petition at 1-4. The court will abstain from granting injunctive relief in a pending state criminal proceeding. For the reasons set forth below, the instant action is DISMISSED without prejudice.

\\\

\\\

\\\

Order of Dismissal
P:\pro-se\sj.rmw\hc.07\Cavaness922dis          1

**DISCUSSION**

The court will not grant relief in petitioner's pending state criminal proceedings in the state superior court because under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The state proceedings must be pending, not merely available, and plaintiffs must be seeking relief that would interfere in some manner with the state court litigation. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted, see Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

The court finds that petitioner has not demonstrated any extraordinary circumstances in order to grant the requested relief. Because petitioner seeks injunctive relief in his ongoing state criminal case, abstention is appropriate under Younger. Accordingly, the petition for a writ of mandamus is DISMISSED without prejudice. The court notes that petitioner may re-file his request and seek relief in the California Court of Appeal.

**CONCLUSION**

The instant petition is DISMISSED without prejudice. The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 10/1/2007

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1  This is to certify that on ___10/2/2007_____, a copy of this ruling was
   mailed to the following:
2

3  Donald R. Cavaness
   81835
4  San Mateo County Jail
   300 Bradford Street
5  Redwood City, CA  94063

Order of Dismissal
P:\pro-se\sj.rmw\hc.07\Cavaness922dis                3